UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY LYNN, ) | |
| SANDRA LYNN, ) | |
| JSL PROPERTIES, INC., ) | |
| MAKAMAE CORP., ) | |
| ABIGAIL PAIGE LYNN TRUST, ) | |
| I AM MY BROTHER'S KEEPER ) | |
| FOUNDATION (IAMBKF) ) | |
| INCORPORATED, ) | |
| ) | No. 1:13-mc-00132-WTL-MJD |
| Petitioners, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the United States of America's ("Respondent") Motion to Dismiss All Petitions to Quash IRS Summonses. [Dkt. 5.] For the following reasons, the Magistrate Judge recommends that the motion be **GRANTED**.

**I. Background**

This matter has been reduced to a miscellaneous case regarding Jay Lynn, Sandra Lynn, JSL Properties, Inc., Makamae Corp., The Abigail Paige Lynn Trust ("the Trust"), and I Am My Brother's Keeper Foundation (IAMBKF) Incorporated's ("Petitioners") petitions to quash. [*See* No. 1:13-cv-570-WTL-MJD Dkt. 36.] According to the Respondent, Jay Lynn is the sole shareholder of JSL Properties, Inc., and Jay Lynn is in control of both JSL Properties and the Trust, which, in turn, "apparently owns, controls, or directs" Makamae Corp. and IAMBKF.

1

[Dkt. 6-1 at 2.]  The Petitioners do not contest the validity of these assertions.  [*See* Dkt. 7; Dkt. 8 at 5.]

In April of 2011, the IRS began investigating the federal income tax liabilities of Petitioners Jay Lynn, Sandra Lynn, JSL Properties, Inc., and the Trust.  During the course of this investigation, the IRS issued third-party summonses to several financial institutions, soliciting records pertaining to each of the Petitioners in this matter, as summarized below:

| # | Date Issued | Third Party Recipient | Petitioner Identified |
|---|---|---|---|
| 1 | September 22, 2011 | Regions Bank | JSL Properties |
| 2 | September 22, 2011 | Old National Bancorp | JSL Properties |
| 3 | September 22, 2011 | Finance Center Federal Credit Union | Jay Lynn & Sandra Lynn |
| 4 | September 22, 2011 | JP Morgan Chase Bank | Jay Lynn & Sandra Lynn |
| 5 | September 22, 2011 | Morgan Stanley Smith Barney | Jay Lynn & Sandra Lynn |
| 6 | September 22, 2011 | Old National Bancorp | Abigail Paige Lynn Trust |
| 7 | March 9, 2012 | Morgan Stanley Smith Barney | Jay Lynn & Sandra Lynn |
| 8 | March 9, 2012 | Mesirow Financial | Jay Lynn & Sandra Lynn |
| 9 | March 9, 2012 | The Vanguard Group | Jay Lynn & Sandra Lynn |
| 10 | January 22, 2013 | Regions Bank | Abigail Paige Lynn Trust |
| 11 | January 22, 2013 | Old National Bancorp | Abigail Paige Lynn Trust |
| 12 | January 22, 2013 | The Vanguard Group | Abigail Paige Lynn Trust |
| 13 | January 22, 2013 | PNC Bank | Abigail Paige Lynn Trust |
| 14 | January 22, 2013 | Huntington National Bank | Abigail Paige Lynn Trust |
| 15 | February 4, 2013 | Old National Bancorp | Abigail Paige Lynn Trust |
| 16 | February 19, 2013 | The Vanguard Group | Abigail Paige Lynn Trust |

[*See* Dkt. 1 at 3-5, Dkt. 2 at 3-4; Dkt. 3 at 2-3 (hereinafter Summons 1, 2, 3, etc.).]  As each summons was issued, the IRS sent a copy of the summons to the last known address of the Petitioner identified in the summons, all of which were returned as unclaimed.[1]  [Dkt. 6-1 at 3-4 (Summonses 1-9); Dkt. 6-2 at 2-3 (Summonses 10-16).]

---

[1] Although each copy of the summons was returned as unclaimed, Petitioners Jay and Sandra Lynn concede that they received adequate notice of Summonses 7-9.  [Dkt. 1 at 8.]  Thus, Petitioners Jay and Sandra Lynn are not seeking to quash any of the summonses that were issued on March 9, 2012.  [*Id.*]

2

On March 30, 2012, the Petitioners first mailed a petition to quash to the US District Court for the Northern District of Illinois, which was entered on April 12, 2012. [Dkt. 1 at 6-7.] After successfully seeking to transfer the matter to this Court, the Petitioners filed an amended Petition to Quash Summonses on January 22, 2013, asking that Summonses 1-9 be quashed "for a variety of reasons." [Dkt. 1 at 9.] The IRS continued to issue summonses to third parties seeking the Petitioners' records, so the Petitioners subsequently filed a Second Amended Petition to Quash, addressing Summonses 10-15 [Dkt. 2], and a Third Amended Petition to Quash, addressing Summons 16 [Dkt. 3]. In response, the Respondent moved to dismiss all three petitions for lack of subject-matter jurisdiction and sovereign immunity, which motion is now before the Court. [Dkt.5.]

## II. Legal Standard

A motion to dismiss for lack of subject-matter jurisdiction calls into question a court's power to decide the merits of the case before it. *See* Fed. R. Civ. P. 12(b)(1). When a defendant makes a jurisdictional challenge, it is the plaintiff's burden to establish that such standing exists. *Apex Digital, Inc.* v. *Sears, Roebuck, & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). When subject-matter jurisdiction has been challenged, the court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

In addition to any jurisdictional allegations, the court may consider any evidence in the record that may help determine whether there is subject-matter jurisdiction. *Id.* It is the duty of the court to review its jurisdiction over the matter before it may examine the merits of the case,[2]

---

[2] Petitioners argue, in part, that the Respondent may not challenge the Court's subject-matter jurisdiction because of the Court's approval of Petitioners' Motion to Transfer, which the Respondent did not oppose. [Dkt. 7 at 11-13.] However, subject-matter jurisdiction is a restriction on federal power that, unlike personal jurisdiction, cannot be

3

regardless of whether the issue is raised by the parties. *See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In the event that a court concludes that subject-matter jurisdiction does not exist, "the court must dismiss the complaint in its entirety" without examining the merits of the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## II. Discussion

The United States cannot be sued unless Congress expressly waives sovereign immunity, *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999) (citing *United States v. Dalm,* 494 U.S. 596, 608 (1990)). Petitioners bring this matter before the Court pursuant to 26 U.S.C. § 7609, which contains such a waiver of the Respondent's sovereign immunity. *See Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999). However, this statutory waiver of sovereign immunity is conditional. *Id.* A person identified in a third-party summons may petition to quash the summons only when the petitioner has successfully completed the following three requirements: (1) filed the petition within twenty days after receiving statutory notice of the summons, (2) filed the petition in the appropriate district court, (3) mailed a copy of the petition to the summoned third party and to the appropriate IRS office within twenty days after filing of the petition. 26 U.S.C. § 7609(b)(2)(A)-(B), (h)(1).

If a court determines that any one of these requirements has not been met, sovereign immunity has not been waived, the court does not have jurisdiction over the matter, and the court cannot evaluate the merits of the case. *See, e.g.*, *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (jurisdiction is lost when a plaintiff cannot prove that the United States has waived sovereign immunity); *Runkle v. United States*, 129 F.3d 1268 (7th Cir. 1997) (petition to quash

---

waived. *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993). Rule 12 clearly states that the court may reevaluate subject-matter jurisdiction "at any time," and Petitioners' argument to the contrary will not be considered. Fed. R. Civ. P. 12(h)(3).

4

was properly dismissed when the petition was not filed within twenty days of notice being given to the petitioner); *Miller v. United States*, CIV. 1:94CV114, 1994 WL 465816 (N.D. Ind. June 28, 1994) (petition to quash dismissed for failure to give notice of the court filing to the issuing IRS agent); *Maikranz v. United States*, 612 F. Supp. 590, 592 (S.D. Ind. 1985) (petition to quash dismissed when the summoned party did not reside within the jurisdiction of the court). The Court now discusses the parties' arguments to determine whether the Respondent has waived sovereign immunity.

### A. Timely and Proper Notice to the IRS

The Internal Revenue Code (IRC) requires a petitioner to give notice to the IRS within twenty days after third-party notice is given. 26 U.S.C. § 7609(b)(2)(B). Proper notice is given when the petitioner has mailed, by registered or certified mail, a copy of the petition to "such office as the Secretary [of the Treasury] may direct," which is usually the office of the issuing IRS agent. *Id.* The Respondent argues that this requirement has not been met for any of the petitions and thus each petition must be dismissed for lack of subject-matter jurisdiction because sovereign immunity has not been waived. [Dkt. 6 at 8-9.] In response, the Petitioners assert that notice was timely given regarding Summonses 1-9, that notice was properly and timely given through Respondent's counsel regarding Summonses 10-16, and that such proper notice regarding Summonses 10-16 relates back to Summonses 1-9. [Dkt. 7 at 9-11.]

Notice to the IRS must be both proper, by mailing a copy of the petition to the issuing IRS agent, and timely, occurring within twenty days after the petitioner has been given notice of the third-party summons. With regard to Summonses 1-9, it is true that a copy of Petitioners' original petition to quash was mailed to the issuing IRS agent. [Dkt. 7 at 2-3.] However, this mailing took place on June 14, 2013, which was over a year after the petition had been filed in

5

the Northern District of Illinois and five months after the petition was refiled with this Court. [*See* Dkt. 1 at 6-9.] Thus, the proper notice to the IRS agent was not timely,[3] and the Magistrate Judge recommends that the Court dismiss Petitioners' Petition to Quash Summonses [Dkt. 1] for lack of subject-matter jurisdiction.

With regard to Summonses 10-16, notice through Respondent's counsel is not sufficient statutory notice pursuant to the IRC. The statutory waiver of sovereign immunity unequivocally states that, in order to meet the notice to the IRS requirement for waiver of sovereign immunity, the petitioner "shall mail by registered or certified mail a copy of the petition . . . to such [IRS] office." 26 U.S.C. § 7609(b)(2)(B). It is true that this matter was already before the Court when Summonses 10-16 were issued, and the electronic filing of the second and third amended petitions generated an automatic notification to any attorney who had filed an appearance. [*See* Dkts. 2, 3.] However, "service to counsel appearing on behalf of [the IRS] and its agent," despite what the Petitioners would have the Court believe, does not meet the demands of the IRC. [Dkt. 7 at 10.] Without mailing a copy of the petitions directly to issuing IRS agent strictly pursuant to the IRC's limited waiver of sovereign immunity, this Court cannot have jurisdiction over the merits of the petition to quash before it. *See Miller*, 1994 WL 465816, at *2. Thus, the Magistrate Judge recommends that the Court dismiss Petitioners' Second and Third Amended Petitions to Quash [Dkts. 2, 3 (Summonses 10-16)] for lack of subject-matter jurisdiction.

The Petitioners' remaining, convoluted argument that this insufficient notice to Respondent's counsel would relate back to the original petition is misguided for several reasons. First, the legal doctrine of "relation back" would speak to the timeliness of the filing of the

---

[3] Petitioners argue that the notice to the IRS agent cannot be untimely because they never received proper notice of the issuance of the third-party summonses. [*See* Dkt. 7 at 3-6.] This argument is more closely intertwined with the requirement that the petition be filed within twenty days of such notice, and will therefore be addressed in subsection B of this Order. *See* 26 U.S.C. § 7609(b)(2)(A).

6

second and third amended petitions, not the original, pursuant to Federal Rule of Civil Procedure 15's conditions under which an amendment to a pleading, here the second and third amended petitions, might relate back to the date of the original pleading, here the original petition. *See* Fed. R. Civ. P. 15(c); *Henderson v. United States*, No. CIV.A.98-N-1774, 1999 WL 810380 (D. Colo. Aug. 17, 1999) (applying Rule 15(c) to a motion to amend a petition to quash pursuant to the IRC). Because Petitioners' Second and Third Amended Petitions to Quash timely address newly-issued summonses and not the same summonses address in Petitioners' original Petition to Quash, the timeliness of the later petitions is not at issue, and thus the doctrine of relation back does not apply and cannot save the untimeliness of the original petition.

Further, Petitioners argue that relation back is appropriate because Summonses 10-16 are "fruit of the poisonous tree." [Dkt. 7 at 9.] The doctrine of "fruit of the poisonous tree," however, exclusively applies to "evidence that is the fruit of unlawful police conduct," which also is not at issue in this matter. *Nix v. Williams*, 467 U.S. 431, 442 (1984). While the Petitioners attempt to compare the acts of the IRS agent who issued Summonses 1-9 to unlawful police conduct, this is a question of the merits of this matter, which the Court cannot address until the Petitioners have proven that they have standing. Thus, any "relation back" asserted by the Petitioners is at once both inapplicable to the matter and not helpful at this stage of the proceedings. Nevertheless, both of these misguided arguments attempting to establish that Petitioners' original petition was timely rely on proper notice of the second and third amended petitions, which notice the Court has already found was not provided. Accordingly, any notice given to the IRS upon the Petitioners' filing of their original Petition to Quash [Dkt. 1 (Summonses 1-9)] and their Second and Third Amended Petitions to Quash [Dkts. 2, 3 (Summonses 10-16)] does not meet the propriety and timeliness requirements of the IRC, and the

Magistrate Judge recommends that the Court therefore dismiss each of Petitioners' three petitions for lack of subject-matter jurisdiction.

**B. Timely Filed Petition**

A valid waiver of sovereign immunity also requires the petitioner to file the petition to quash in court within twenty days after receiving notice of the third-party summons from the IRS. 26 U.S.C. § 7609(b)(2)(A). The IRS has met its notice requirement when a copy of the summons "is mailed by certified or registered mail to the last known address of such person [identified in the summons]." *Id.* § 7609(a)(1). Courts have interpreted the phrase "person identified in the summons" to apply only to someone "identified in the description of summoned records." *See Gertz v. I.R.S.*, 2:08-CV-00074-JTM, 2008 WL 2074136 (N.D. Ind. May 14, 2008) (relying on *Stewart v. United States*, 511 F.3d 1251, 1252 (9th Cir. 2008)). Thus, when the IRS has properly mailed a copy of the third-party summons to the last known address of the party identified in the description of the summoned record, the IRS has met its notice requirement, and the identified party has twenty days to file its petition, during which limited time sovereign immunity has been waived. *See Runkle*, 129 f 3d 1268 ("because the partnership did not file its petition to quash within 20 days after the mailing of the notice of the summonses . . . the court lacked subject matter jurisdiction to review the petition").

Should the Court find that Petitioners gave sufficient notice to the IRS of their original petition, the Respondent argues that the original petition should still be dismissed for lack of subject-matter jurisdiction. Specifically, the Respondent argues that, because Petitioners did not file their original petition until over seven months (Summonses 1-6) and over one month (Summonses 7-9) after receiving notice of the summonses, Petitioners' original petition should be dismissed for failing to meet the twenty-day filing requirement. [Dkt. 6 at 9-10.] It is the

Petitioners' position, however, that the only Petitioners to receive proper notice of the summonses address in their original petition were Jay and Sandra Lynn of Summonses 7-9, and the lack of notice to the identified and unidentified petitioners excuses Petitioners' filing delay. [Dkt. 7 at 3-8.]

First, the Petitioners do not dispute that their initial petition was filed more than twenty-days after the relevant summonses were issued. [*See* Dkt. 7 at 3-8.] However, Petitioners argue that the IRS did not give proper notice, so the twenty-day countdown never began and the Petitioners' filing was therefore not untimely. [*Id.*] Petitioners do not dispute that a copy of each summons was mailed to the party identified in each summons, but they argue both that the mailing was not sufficient and that other petitioners should have been notified of the summons. [*Id.*] The first argument is baseless, as the IRC on its face requires only that the IRS need mail a copy of the summons to the last known address of the identified party; actual notice is not required. 26 U.S.C. § 7609(a)(1); *Gertz*, 2008 WL 2074136, at *2 ("The court considered the legislative history of § 7609(a) and found that it did not require anything other than a plain reading of the statute"). As for Petitioners' additional arguments that more parties should have been sent notices because the information sought in the summons related to them [Dkt. 7 at 4-6], such a reference is not sufficient to rise to the status of a "person identified in the summons." *See Gertz*, 2008 WL 2074136. Thus, the Magistrate Judge recommends that the Court dismiss Petitioners' original Petition to Quash with regard to Summonses 1-6 for lack of subject-matter jurisdiction.

Because it is undisputed that Jay and Sandra Lynn received proper notice of Summonses 7-9 and did not meet the twenty-day failing requirement, "the Lynns are not seeking to quash the March 9, 2012 Summonses (Summonses 7-9)." However, the Petitioners assert that the

remaining petitioners may still petition to quash Summonses 7-9. [Dkt. 7 at 6.] This is not the case, as the IRC only waives sovereign immunity to petitions filed by a person "identified in the summons." *See* 26 U.S.C. § 7609(a), (b)(1). It is not disputed the Summonses 7-9 were issued "in the matter of Jay Lynn and Sandra Lynn" [Dkt. 1 at 6], and thus only Petitioners Jay and Sandra Lynn may petition to quash those summonses. *See, e.g. Stratton v. United States*, 34 F. Supp. 2d 1096, 1097 (N.D. Ind. 1998) ("[a] person has the right to bring a proceeding to quash a summons only if he or she is entitled to notice" (quoting *Davidson v. United States*, 149 F.3d 1190 (10th Cir. 1998)). Accordingly, the Magistrate Judge recommends that the Court also dismiss Petitioners' original Petition to Quash with regard to Summonses 7-9 for lack of subject-matter jurisdiction.

### C. Filed in the Appropriate District

Finally, the petitioner must file its petition to quash in the appropriate district court. 26 U.S.C. § 7609(h)(1); *Maikranz v. United States*, 612 F. Supp. 590, 591-92 (S.D. Ind. 1985) ("The Court is not empowered to quash a summons issued for a person or entity not residing in its jurisdiction.") (citing *Masat v. United States*, 745 F.2d 985 (5th Cir. 1984)). The IRC's waiver of sovereign immunity is only effectual when the petition to quash is filed in the district within which the summoned third party "resides or is found." 26 U.S.C. § 7609(h)(1).

Should the Court find that all other requirements for waiver of sovereign immunity have been met, the Respondent argues that the Court does not have jurisdiction to quash Summonses 8, 9, 12, and 16.[4] [Dkt. 6 at 10.] This is because these summonses were sent to Mesirow Financial (Summons 8) and the Vanguard Group (Summonses 9, 12, and 16), neither of which have a physical presence within the Southern District of Indiana. [Dkt. 8 at 8.] Petitioners admit

---

[4] The Respondent initially argued that the Court did not have jurisdiction to quash Summonses 5 and 7 either, but this argument has been waived. [Dkt. 8 at 7.]

to the lack of physical presence but argue that Mesirow Financial and the Vanguard Group have subjected themselves to the jurisdiction of this Court due to their "Internet commerce in the Southern District of Indiana." [Dkt. 7 at 14-16.]

Petitioners' argument that an Internet presence is sufficient speaks to personal jurisdiction, not subject-matter jurisdiction. Waiver of sovereign immunity is a question of subject-matter jurisdiction, and without meeting the IRC's jurisdictional requirement the Court does not have jurisdiction, even if personal jurisdiction exists. *McCammon v. United States*, 569 F. Supp. 2d 78, 82 (D.D.C. 2008) ("26 U.S.C. § 7609(h) involves the Court's subject matter jurisdiction over a petition to quash rather than personal jurisdiction over the summoned party"). Regardless of whether an Internet presence is sufficient for personal jurisdiction over the summoned third party, courts require "actual physical presence of the summoned party within the district in order for the summoned party to be considered 'found' within the district." *Id.* (quoting *Cayman Nat'l Bank, Ltd. v. United States*, No. 8:06-MC-50-T-24 MAP, 2007 WL 641176 at *3 (M.D. Fla. Feb. 26, 2007)). Mesirow Financial and the Vanguard Group's Internet commerce alone, absent some physical presence within the Southern District of Indiana, is not enough to satisfy the IRC's jurisdictional requirement for waiver of sovereign immunity. Therefore, the Magistrate Judge recommends that the Court dismiss the petitions to quash regarding Summonses 8, 9, 12, and 16 for lack of subject-matter jurisdiction.

### III. Conclusion

For the aforementioned reasons, the Magistrate Judge recommends that the Court **GRANT** the Respondent's Motion to Dismiss All Petitions to Quash IRS Summonses. [Dkt. 5.] The Court should find that: (1) the Court does not have subject-matter jurisdiction to quash Summonses 1-16 because notice of the petitions to the IRS was insufficient, (2) the Court does

not have subject-matter jurisdiction to quash Summonses 1-9 because the petition was not timely filed, and (3) the Court does not have subject-matter jurisdiction to quash Summonses 8, 9, 12, and 16 because the summoned parties do not have a physical presence within the Southern District of Indiana. The Court should therefore DISMISS Petitioners' three petitions to quash. [Dkts. 1, 2, and 3.] Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk of the Court in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.

Date: 04/14/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

James K. Gilday
GILDAY & ASSOCIATES, P.C.
jgilday@gildaylegal.com

Lindsay C. Dunn
UNITED STATES ATTORNEY'S OFFICE
lindsay.dunn@usdoj.gov

Nathan L. Strup
UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION
nathan.l.strup@usdoj.gov